

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. Heather Corman, | ) ) ) |
| Petitioner, | ) ) ) No. 06 C 4450 |
| v. | ) ) The Honorable William J. Hibbler |
| Mary Sigler, Warden, Dwight Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Heather Corman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She raises two claims in her petition: (1) a violation of her Sixth Amendment right to be tried in the state where the crime was committed because there was insufficient evidence that she killed the victim in Illinois; and (2) a violation of her Fourteenth Amendment right to due process because the government failed to prove her guilty beyond a reasonable doubt. For the following reasons, the Court DENIES Corman's petition.

## I. Procedural Background

On March 19, 2002, following a bench trial, the Circuit Court of Cook County, Illinois convicted Petitioner Corman of first degree murder of her newborn child and concealment of the child's homicidal death. On April 25, 2002, the court sentenced her to consecutive sentences of thirty-five and five years in prison. Corman appealed the decision, presenting the same claims that she presents here, and the state appellate court affirmed the conviction. That court's summary of the facts, which this court must presume to be correct, 28 U.S.C. § 2254(e)(1), are as follows:

> [T]he evidence showed that the baby was born alive in [petitioner's] home. The baby was found in a plastic garbage bag with a sock in its mouth and a second plastic bag tied around its head. The baby was also wrapped in a Mickey Mouse baby bath towel. The [petitioner] identified the sock and the baby bath towel as similar to items she had in her house. The [petitioner] also identified every piece of garbage found in the plastic bag that was tied around the baby's neck. Finally, the [petitioner's] own statements to the police and testimony were inconsistent. The [petitioner] first told police that she had a miscarriage and then she admitted she gave birth in her home. The [petitioner] also told police that Scott Walker [her fiancé's friend] was present when the baby was born and that he took the baby. At trial the [petitioner] testified that her sister was present when the baby was born and that her sister took the baby.

*People v. Corman*, No. 1-02-1301, slip op. at 10-11 (Ill. App. Ct. Sep. 19, 2003). The Illinois Supreme Court then denied Corman's petition for leave to appeal (PLA) on January 28, 2004. *People v. Corman*, 207 Ill. 2d 610, 807 N.E.2d 977 (Table) (2004).

On May 14, 2004, Corman filed motions for a corrected mittimus and for an order *nunc pro tunc* in the Circuit Court of Cook County. The court denied the motions and the appellate court dismissed Corman's appeal for lack of jurisdiction. *People v. Corman*, No. 1-04-2334, slip op. at 1 (Ill. App. Ct. Apr. 4, 2005). Corman did not file a PLA.

Meanwhile, Corman filed a petition for post-conviction relief in the Circuit Court of Cook County on July 26, 2004. She raised a number of issues not raised in the instant petition. The court dismissed the petition. On appeal, Corman argued only that her mittimus should be corrected to giver her day-for-day good time credit. The appellate court granted this relief. *People v. Corman*, 1-04-3138, slip op. at 5 (Ill. App. Ct. Mar. 24, 2006). Because the court granted Corman the only relief she requested on appeal, she did not file a PLA following that decision.

## II. Standard of review

The Court will not grant a habeas petition of a person in custody pursuant to the judgment of a state court unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (irrelevant portions omitted). Corman does not challenge the state court's determination of the facts. Instead, she challenges the conclusions that the court came to in light of those facts. Thus, only § 2254(d)(1) is potentially applicable here.

Section 2254(d)(1) also contains two prongs. Under the first prong, the Supreme Court has stated that a petitioner can only show that a state court's decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). The Supreme Court interprets the second prong to mean that a state court's decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* In other words, the Court may only grant a petition under the second prong if the state court's application of federal law is "not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4, 157 L. Ed. 2d 1 (2003).

### III. Trial in the state where the crime was committed

Corman first argues that the prosecution failed to establish beyond a reasonable doubt that she killed her child in Illinois, rather than Indiana (where police found the body). Illinois law does require that the prosecution meet this burden of proof in cases where the victim's body is not found in Illinois. *People v. Holt*, 91 Ill. 2d 480, 493, 440 N.E.2d 102, 108 (1982). Corman is also correct that the Sixth Amendment provides a right to trial "by an impartial jury of the State and district wherein the crime shall have been committed." However, the Supreme Court has never ruled on what standard courts must hold the prosecution to in proving that venue is proper. *Cf. Jackson v. Virginia*, 443 U.S. 307, 324 n.16, 99 S. Ct. 2781, 2792 n.16, 61 L. Ed. 2d 560 (1979) (setting forth the proper standard for reviewing the sufficiency of evidence to support a criminal conviction, but limiting the standard to the "substantive elements" of the criminal offense); *U.S. v. Ochoa*, 229 F.3d 631, 636 (7th Cir. 2000) (holding that in federal courts the government must establish venue in criminal cases by a preponderance of the evidence, viewing the evidence in the light most favorable to the government). Thus, it is impossible to say that the state court's application of the "beyond a reasonable doubt" standard was contrary to, or an unreasonable application of, clearly established federal law. The Court therefore denies Corman's petition as to this claim.

### IV. Sufficient evidence to support a conviction

Corman's second claim is that the state court's conviction violated her Fourteenth Amendment right to due process because the government did not provide sufficient evidence of her guilt. In *Jackson v. Virginia*, 443 U.S. at 319, 99 S. Ct. at 2789, the Supreme Court set forth the proper inquiry on review of the sufficiency of the evidence to support a criminal conviction. According to *Jackson*, the Court must determine "whether, after viewing the evidence in the light

most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original).

The state appellate court applied this same principle, word for word. *People v. Corman*, No. 1-02-1301, slip op. at 10 (Ill. App. Ct. Sep. 19, 2003) (citing *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985)). Thus, the court's analysis was not "contrary to" Supreme Court precedent, and the only remaining question is whether the court was "objectively reasonable" in its application of the principle. In coming to the conclusion that there was sufficient evidence to support Corman's conviction, the court first took into account that the evidence showed that the baby was born at Corman's home shortly before he was murdered. *Id.* Second, the court cited to Corman's ability to identify all of the items found with the baby and used to murder him. *Id.* Finally, the court relied on the fact that Corman's statements to the police and testimony at trial were grossly inconsistent. *Id.* at 10-11. She first said she had a miscarriage, and later admitted to giving birth at home. *Id.* at 11. At one point she claimed her fiancé's friend was present when she gave birth and that he took her baby away. *Id.* Later she said that this was false, and that it was that her sister who took the baby. *Id.* Given Corman's lack of credibility, and the number of facts tying her to the baby's last moments, it was not objectively unreasonable for the state court to find that a rational trier of fact could have found Corman guilty. Thus, the Court must deny Corman's petition as to this claim as well.

## CONCLUSION

For the above reasons, the Court DENIES Corman's petition for a writ of habeas corpus.

IT IS SO ORDERED.

10/8/09
Dated

Hon. William J. Hibbler
United States District Court